**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Dream Act Coalition; et al., | No. CV12-02546 PHX DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Janice K. Brewer; et al., | |
| Defendants. | |

This Order concerns the sealing of lodged filings and materials. On March 21, 2013, the Court held a hearing regarding the sealing of certain documents. Doc. 106. Prior to the hearing, Plaintiffs took the position that portions of deposition transcripts related to individual Plaintiffs' driving histories, and any references to those driving histories in the briefing, should be sealed. Doc. 102 at 3. At the hearing, Plaintiffs agreed that only personal identifying information attached to driving history evidence need be redacted. The parties made arguments during a March 22 hearing accordingly, referring to the named Plaintiffs' driving histories without mentioning personal identifiers.[1]

---

[1] Defense Counsel made the following public statements, without objection, regarding Plaintiffs' driving histories: (1) "We know they do drive. We don't know how." (Doc. 111 at 79:3); and more specifically, (2) "One of the plaintiffs in this case testified by declaration there's always a way to get around by car and attend to daily needs, work. This plaintiff drives, gets rides. . . . This person goes everywhere by car. They've never taken the bus and don't even know where the closest bus stop is." (*id.* at 77:13-19). Defense Counsel provided similar details about the driving histories of four other named Plaintiffs. *Id.* at 77:20-78:16.

1. Following the March 21 hearing, the parties failed to reach agreement as to the sealing of information in the Court's docket. Plaintiffs' chart summarizing the statements for which they seek redaction or sealing is almost identical to their previous request. Plaintiffs propose the sealing of almost all evidence relating to their driving histories, including, for example, "yes" responses to deposition questions like "So you know how to drive, right?" Plaintiffs argue that redacting their names from deposition transcripts and briefs will not alleviate their concerns because other unredacted information could identify the individual Plaintiff attached to a specific driving history.

The Court understands this position, but is inclined to follow the agreement the parties reached on March 21 and the manner in which the parties conducted the March 22 hearing. The public record already contains statements referring to the driving histories of the named Plaintiffs and the record should contain evidence supporting such statements. If Plaintiffs wish to have more than just individual names redacted from the public filings, the Court suggests that the parties again meet, confer, and submit a stipulation as to what can and cannot be filed publicly.

Plaintiffs' motion to seal (Docs. 102 & 103) refers only to Defendants' response to Plaintiffs' Motion for Preliminary Injunction (Doc. 90), Plaintiffs' Reply Memorandum in Support of Motion for Preliminary Injunction (Doc. 99), and the attached deposition transcripts of the five named individual Plaintiffs and Dulce Matuz. Also currently lodged is Plaintiffs' unredacted response to Defendants' Motion to Dismiss and the attached unredacted Espiritu Declaration, as well as certain exhibits attached to the Preciado Declaration and other exhibits attached to Plaintiffs' Reply Memorandum in Support of Motion For Preliminary Injunction. Plaintiffs served a notice of lodging for both the response to Defendants' Motion to Dismiss (Doc. 87) and the Reply Memorandum in Support of Motion for Preliminary Injunction (Doc. 95) that sets forth the Parties' dispute regarding Defendants' assertion of the deliberative process privilege. Defendants have not filed a notice withdrawing the claimed confidentiality of these materials or a motion to seal. The Court is inclined to make these unredacted filings part

1 of the public record pursuant to Local Rule 5.6(d). The same is true for all other
2 proposed filings and materials currently lodged for which there is no related motion to
3 seal.

4 **IT IS ORDERED** that the Parties meet and resolve the sealing/redacting of
5 materials related to named Plaintiffs' driving histories, and provide the Court notice of
6 any agreement within 14 days of the issuance of this order. If no agreement is reached,
7 the parties should so advise the Court and the Court will rule on Plaintiffs' Motion to
8 Seal. Doc. 102. The Court will make any other lodged materials not covered by the
9 Motion to Seal part of the public record on May 31, 2013, unless the parties show cause
10 for why these materials should be sealed.

11 Dated this 16th day of May, 2013.

_____
David G. Campbell
United States District Judge