**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Dream Act Coalition; et al., | No. CV12-02546 PHX DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Janice K. Brewer; et al., | |
| Defendants. | |

On May 16, 2013, the Court issued an order denying Plaintiffs' motion for a preliminary injunction. Doc. 114. Plaintiffs have filed a motion for reconsideration. Doc. 117. The Court will deny the motion.

Motions for reconsideration "are disfavored and will be granted only upon a showing of manifest error or new facts or legal authority which could not have been raised earlier with reasonable diligence." *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (quotation marks, brackets, and citations omitted); *see also S.E.C. v. Kuipers*, 399 Fed. Appx. 167, 170 (9th Cir. 2010); LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Nor should a motion for reconsideration be used to ask the Court to rethink its analysis. *Id.*; *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Plaintiffs argue that the Court's February 8, 2013, discovery order (Doc. 76) barred Plaintiffs from relying on evidence relating to their fear of prosecution only if Plaintiffs foreclosed Defendants from discovering how Plaintiffs drove and drive

(Doc. 117 at 12-15). Plaintiffs made the same argument in their reply brief in support of their motion for a preliminary injunction. Doc. 97 at 36. The discovery order barred Defendants from inquiring into how Plaintiffs were able to drive, obtain jobs, and engage in similar activities without valid Arizona driver's licenses. In exchange for this protection – requested by Plaintiffs – the order precluded Plaintiffs from arguing that they are irreparably harmed by being forced to engage in illegal activities or by fear of prosecution for engaging in illegal activities. Doc. 76. The Court addressed these matters in its ruling on the preliminary injunction request (Doc. 114 at 36 n. 11), and Plaintiffs may not re-urge their interpretation of the discovery order in a motion for reconsideration. *See Motorola, Inc. v. J.B. Rogers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) ("No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.").[1]

The remainder of Plaintiffs' arguments depend on the Court accepting Plaintiffs' interpretation of the discovery order. Doc. 117 at 16-19. Plaintiffs argue that evidence of individual Plaintiffs' fear of prosecution for driving without a license is relevant and that all relevant evidence must be considered unless an evidentiary rule or other source of law supports the exclusion of that evidence. Doc. 117 at 16. As previously noted, the Court's discovery order precluded Plaintiffs from arguing that they are irreparably harmed by fear of prosecution for driving without a valid driver's license.[2] Plaintiffs argue that Defendants inquired into how individual Plaintiffs were able to drive and thus "opened

---

[1] The Court notes its disagreement with Plaintiffs' assertion that they never prohibited Defendants from inquiring into how they obtained licenses or purported to be able to drive. The Court's order prohibited Defendants from inquiring into those subjects, and Defendants did not assert in their briefing that Plaintiffs obtained false licenses or drove without licenses. They merely asserted that Plaintiffs drove, something that was expressly permitted by the Court's order. Doc. 76.

[2] For this reason, the Court will not consider the newly proffered evidence that one individual Plaintiff has "been arrested for driving without a license." Doc. 117 at 18. Additionally, it is at least an overstatement to refer to a traffic stop and ticket as an "arrest." *See* Doc. 121.

the door" to Plaintiffs' argument that they are irreparably harmed by fear of prosecution for driving without a license. Doc. 117 at 17. This argument was also previously asserted by Plaintiffs, rejected by the Court, and need not be reconsidered.

Plaintiffs' motion fails to mention that the Court also declined to consider whether they are irreparably harmed by fear of prosecution because the argument was made for the first time in their reply brief. Doc. 114 at 37 n.12. Plaintiffs' current motion does not argue that this conclusion was error.

**IT IS ORDERED:**

1. Plaintiffs' motion for reconsideration (Doc. 117) is **denied**.
2. Plaintiffs' motion to seal (Doc. 118) is **granted**.

Dated this 6th day of June, 2013.

_____
David G. Campbell
United States District Judge

cc: All counsel