**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Dream Act Coalition; et al., | No. CV12-02546 PHX DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Janice K. Brewer; et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion for partial sealing of the preliminary injunction motion (Doc. 102), the parties' joint stipulation concerning documents to be filed under seal (Doc. 128), and Plaintiffs' motion for partial sealing of the declaration of Michael Tan (Doc. 118). For the reasons set forth below, the Court will deny Plaintiffs' first motion to seal (Doc. 102), accept the parties' joint stipulation (Doc. 128), and grant Plaintiffs' second motion to seal (Doc. 118).

**I.    Background.**

Plaintiffs filed a motion to seal (Doc. 102) on March 18, 2013, taking the position that portions of deposition transcripts related to individual Plaintiffs' driving histories, and any references to those driving histories in the briefing, should be sealed. Defendants filed a response opposing the motion (Doc. 103), and on March 21, 2013, the Court held a hearing on the matter (Doc. 106). A hearing on Plaintiffs' preliminary injunction motion (Doc. 29) and Defendants' motion to dismiss (Doc. 58) was scheduled for the next day, March 22, 2013 (Doc. 107). At the March 21 hearing, the parties agreed not to refer to named Plaintiffs' personal identifying information at the March 22 hearing. In

concluding the March 21 hearing, the Court instructed the parties to meet, confer, and submit a stipulation as to what can and cannot be filed publicly, and if agreement could not be reached, to submit to the Court a chart summarizing the disagreement. The parties made arguments during the March 22 hearing according to the resolution reached on March 21, referring to named Plaintiffs' driving histories without mentioning personal identifiers.

Following the March 21 and 22 hearings, the parties failed to reach agreement as to the sealing of information in the Court's docket. The Court issued an order on May 16, 2013, summarizing the dispute, providing some guidance to the parties, and ordering the parties to again meet, confer, and submit a stipulation resolving the matter. Doc. 115. The order informed the parties that if no agreement was reached, the Court would rule on Plaintiffs' motion to seal (Doc. 102) and would "make any other lodged materials not covered by the Motion to Seal part of the public record on May 31, 2013, unless the parties show cause for why these materials should be sealed" (Doc. 115 at 3).

On May 30, 2013, Plaintiffs filed a motion to seal portions of the declaration of Michal Tan and related exhibits (Doc. 118), taking the position that sealing was necessary for reasons stated in the earlier motion to seal (Doc. 102) and the agreement reached during the March 21 hearing.

On June 7, 2013, the parties submitted a joint stipulation concerning documents to be filed under seal. Doc. 128. The stipulation requests that Docs. 83, 85, 90, 96, 97, 102, 103, and 105 be filed under seal, and that the submitted revised redacted versions of Docs. 83, 85, 90, 96, and 97 be filed publicly.

**II.   Discussion.**

After reviewing the parties' stipulation (Doc. 128) and the attached revised redacted materials, the Court is satisfied with the parties' resolution. The submitted materials redact named Plaintiffs' personal identifying information, but leave unredacted evidence supporting statements previously made in public filings and at public hearings. The Court will order the sealing of the documents pursuant to the parties' stipulation.

The parties' agreement does not reference Plaintiffs' reply to the motion for preliminary injunction filed at Doc. 99, although the agreement does reference the same briefing filed at Docs. 96 and 97. The Court finds that this is likely an unintentional omission, and will accordingly order that Doc. 99 be filed under seal.

The parties have not submitted a redacted version of Defendants' rebuttal expert report and declaration of Robert Brown. Docs. 83-1, 90-1. Because of this order, that document will be missing from the public record unless the parties submit a version for public filing. They should do so.

The parties' agreement does not reference the currently lodged Plaintiffs' unredacted response to Defendants' motion to dismiss (Doc. 86). In accordance with the May 16 order (Doc. 115), the Court will order Doc. 86 to be unsealed and filed publicly.

Also currently lodged is the declaration of Michael Tan (Docs. 121, 126), submitted in support of Plaintiffs' motion for reconsideration. After reviewing Plaintiffs' unopposed motion to seal portions of that declaration (Doc. 118), the Court finds that the sealing of that document is in accordance with the parties' agreement (Doc. 128) and will grant the motion.

**IT IS ORDERED:**

1. Pursuant to the parties' stipulation (Doc. 128), the Clerk is directed to file under **seal** Docs. 83, 85, 90, 96, 97, 102, 103, and 105. The redacted documents submitted by the parties with their stipulation shall remain in the public docket.

2. Plaintiffs' motion (Doc. 102) is **denied as moot** in light of the parties' stipulation concerning documents to be filed under seal.

3. The Clerk is directed to file under **seal** Doc. 99.

4. The Clerk is directed to **unseal** and file Doc. 86.

5. Plaintiffs' motion to seal (Doc. 118) is **granted**. The Clerk is directed to **seal** Docs. 121 and 126.

Dated this 27th day of June, 2013.

_____
David G. Campbell
United States District Judge

cc: All parties