**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Dream Act Coalition; et al., | No. CV12-02546 PHX DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Janice K. Brewer; et al., | |
| Defendants. | |

Arizona Dream Act Coalition ("ADAC") and five individuals commenced this action in November 2012 to challenge the State of Arizona's denial of driver's licenses to recipients of deferred action under the Department of Homeland Security's Deferred Action for Childhood Arrivals ("DACA") program. Doc. 1. Plaintiffs have filed a motion for leave to file first amended complaint. Doc. 155. Plaintiffs filed the motion before the Court's deadline to amend expired. *See* Doc. 138. The amended complaint adds two individual Plaintiffs, removes class action claims, and "contains certain updates." Doc. 155 at 3. The motion is fully briefed and no party has requested oral argument. The Court will grant the motion.

**I.  Legal Standard.**

Motions to amend pleadings to add claims or parties are governed by Federal Rule of Civil Procedure 15(a). "Rule 15(a) declares that leave to amend 'shall be feely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . 'a court must be guided by the underlying

1 purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or
2 technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should
3 be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.
4 1987) (citations omitted).

5       The liberal policy in favor of amendments is subject to some limitations.
6 Amendments may be denied in cases of undue delay, bad faith, or dilatory motives on the
7 part of the movant, repeated failure to cure deficiencies by previous amendments, undue
8 prejudice to the opposing party, or futility of the proposed amendment. *Foman*, 371 U.S.
9 at 182. The party opposing amendment bears the burden of showing prejudice, futility,
10 or another reason for denying a motion to amend. *DCD Programs, Ltd. v. Leighton*, 833
11 F.2d 183, 187 (9th Cir. 1987). An amendment may cause undue prejudice if it
12 "substantially changes the theory on which the case has been proceeding and is proposed
13 late enough so that the opponent would be required to engage in significant new
14 preparation," if it "would result in defendant being put to added expense and the burden
15 of a more complicated and lengthy trial," or if "issues raised by the amendment are
16 remote from the other issues in the case." 6 C. Wright, A. Miller, et al., *Federal*
17 *Practice & Procedure* § 1487 (2d ed. 1990).

18 **II.  Discussion.**

19       Defendants contend that the amended complaint is futile because Plaintiffs are no
20 longer pursuing class certification and thus cannot seek injunctive relief on behalf of any
21 non-parties or ADAC members who have received DACA status. Doc. 160 at 3.
22 Plaintiffs respond by citing cases establishing that an organization may seek injunctive
23 relief based on its members' irreparable injuries. Doc. 163 at 5 (citing *Hunt v. Wash.*
24 *State Apple Adver. Comm'n*, 432 U.S. 333, 342 (1977); *Columbia Basin Apartment*
25 *Assoc. v. City of Pasco*, 268 F.3d 791, 798 (9th Cir. 2001); *Gay-Straight Alliance*
26 *Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1105 (E.D. Cal. 2001)).
27 Because Defendants have not provided legal support for their contention that the
28 amended complaint is an attempt "to sidestep the procedure for certifying a class action"

(Doc. 160 at 4), and Plaintiffs have pointed to case law establishing that their allegations may be a proper subject of injunctive relief, the Court finds that Plaintiffs "ought to be afforded an opportunity to test [their] claims on the merits." *Foman*, 371 U.S. at 182. The Court makes no decision at this stage regarding the appropriate scope of injunctive relief in this case.

Defendants submit that the amendment is prejudicial because the allegations relating to harm experienced by ADAC members "who are not individually named to the lawsuit . . . would allow Plaintiffs to receive the benefits of a class action lawsuit without maintaining Plaintiffs' burden to prove the requirements of a class action." Doc. 160 at 4. The amended complaint, like the original complaint, seeks injunctive relief. Defendants have not shown that removal of the class action claims somehow changes the theory on which the case has proceeded in a way that would result in Defendants bearing additional litigation expenses or the burden of a more complicated proceeding.

Defendants also argue that the new complaint's "prejudicial effect is exacerbated by the fact ADAC is currently, through negotiation of a protective order, seeking to preclude discovery into the names or personal identifiers of ADAC's members[.]" *Id.* According to Defendants, "allowing Plaintiffs to advance such allegations, while precluding Defendants from obtaining relevant evidence related to such allegations and removing its burden of proof, is highly prejudicial." *Id.* But nothing in the amended complaint precludes Defendants from obtaining relevant evidence, and Defendants cannot show prejudice by suggesting they might agree to a prejudicial protective order. The Court will not base its amendment decision on the parties' protective order negotiations, nor will it speculate as to the appropriate contents of such an order in this case. If the parties disagree on the proper scope of discovery, the Court will resolve that issue on the basis of the amended complaint.

**IT IS ORDERED** that Plaintiffs' motion for leave to file first amended complaint (Doc. 155) is **granted**. Plaintiffs shall file their first amended complaint with the Clerk of Court on or before **September 18, 2013**.

Dated this 12th day of September, 2013.

David G. Campbell
United States District Judge