UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Dream Act Coalition, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Janice Brewer, et al.,<br><br>Defendants. | No. 02:12-cv-02546-DGC-PHX<br><br>**DECLARATION OF JULIA A. GOMEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES** |

I, Julia A. Gomez, declare as follows:

1.  I am a Staff Attorney at the Mexican American Legal Defense and Educational Fund ("MALDEF") and make the following statements based on my personal knowledge, except where otherwise indicated.

2.  This declaration is submitted in support of the Plaintiffs' Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses in the underlying action, *Arizona Dream Act Coalition, et al. v. Janice Brewer, et al.*, No. 02:12-cv-02546-DGC-PHX.

3.  MALDEF, the ACLU of Arizona, the ACLU Immigrants' Rights Project, and the National Immigration Law Center ("NILC") represent Plaintiffs. MALDEF has represented Plaintiffs since 2012 when Plaintiffs filed the complaint.

**Background on MALDEF**

4.  MALDEF is a national nonprofit legal organization employing attorneys in four regional offices across the United States. MALDEF specializes in civil rights impact litigation on behalf of Latinos in the areas of education, employment, political access, and immigrants' rights. Beginning with MALDEF's first case, a successful challenge to the exclusion of Mexican Americans from juries in Bexar County, Texas, MALDEF has

maintained an active docket of civil rights litigation that has resulted in significant advancement in the civil rights of Latinos in the United States. Among other important cases, MALDEF successfully litigated: *White v. Regester*, 412 U.S. 755 (1973), which helped establish minority vote dilution as a cognizable claim; *Plyler v. Doe*, 457 U.S. 202 (1982), which established the right of children to attend K-12 public school regardless of immigration status; and *LULAC v. Perry*, 548 U.S. 399 (2006), which overturned the 2003 Texas congressional redistricting plan as discriminatory against Latino voters.

**Background and Expertise of MALDEF Counsel**

5. In addition to myself, several current and former MALDEF counsel and staff worked on this case. They are Thomas A. Saenz, President and General Counsel; Victor Viramontes, former National Senior Counsel; Nicholás Espíritu, former staff attorney; Jorge Castillo, former staff attorney; Juan Rodriguez, staff attorney; Andres Holguin-Flores, staff attorney; Adriana Garcia, former legal fellow; Marcos Gomez, former legal secretary; and Roxana Ontiveros, legal secretary. In the exercise of billing judgment, MALDEF is not seeking reimbursement for the time spent on this matter by Mr. Saenz, Mr. Espíritu, Mr. Rodriguez, Mr. Gomez, or Ms. Ontiveros.

6. ***Victor Viramontes***. During the relevant period, Victor Viramontes was a member in good standing of the State Bar of California since his admission in 2001. To the best of my knowledge, during the relevant time frame Mr. Viramontes was admitted to practice in the Central, Northern, and Eastern Districts of California, the Ninth and Eleventh Circuit Courts of Appeal, and the United States Supreme Court. Mr. Viramontes received a Bachelor of Arts degree from Stanford University in 1995, and a Juris Doctor degree from Yale Law School in 1999. From 1999 to 2000, he clerked for the Honorable Carlos R. Moreno in the Central District of California. From 2000 to 2001, he was an associate at Heller Ehrman White & McAuliffe, where he primarily worked on intellectual property and complex civil litigation matters, including antitrust class actions. From 2001 to 2005, Mr. Viramontes was a staff attorney in MALDEF's Western Regional Office. From 2005 to 2010, he was a trial lawyer at the United States Equal Employment

Opportunity Commission ("EEOC"), and became a senior trial lawyer in or about 2008. At the EEOC, Mr. Viramontes litigated complex class action cases on behalf of groups of employees, primarily under Title VII. Mr. Viramontes and the EEOC secured multi-year consent decrees with monetary compensation for plaintiffs and class members in many of these cases, and in *EEOC v. ABM*, No. 1:07-cv-01428 (E.D. Cal.), and *EEOC v. Caesar's Palace*, No. 02:05-cv-00427 (D. Nev.), he and the EEOC secured seven-figure settlements on behalf of their clients. From 2010 to 2017, Mr. Viramontes was National Senior Counsel at MALDEF's National Office. Mr. Viramontes is currently a judge of the Superior Court of Los Angeles County, California.

7. During his time as National Senior Counsel at MALDEF, Mr. Viramontes litigated and supervised litigation across the country in all four of MALDEF's practice areas: employment, immigrants' rights, political access, and education. His litigation experience includes the following complex federal cases: *Valle del Sol, Inc., et al. v. Whiting, et al.*, No. 2:10-cv-01061-SRB (D. Ariz.) (co-counsel in certified class action alleging First, Fourth, and Fourteenth Amendment violations and preemption challenges to Arizona's immigration law, Senate Bill 1070); *Hispanic Interest Coal. of Ala. v. Bentley*, No. 11-cv-2746-SLB (N.D. Ala.) (co-counsel in challenge to Alabama immigration law, House Bill 56); *Ga. Latino Alliance for Human Rights, et al. v. Alford, et al.*, No. 1:16-cv-00757-WCO (N.D. Ga.) (co-counsel in challenge to policy and practice of denying in-state tuition to certain non-citizens); *Lowcountry Immigration Coal., et al. v. Haley, et al.*, No. 11-cv-2779-RMG (D.S.C.) (co-counsel in Supremacy Clause challenge to South Carolina immigration law, Senate Bill 20); *Valenzuela, et al. v. Ducey, et al.*, No. 2:16-cv-03072-DGC (D. Ariz.) (co-counsel in class action challenging Arizona's policy of denying driver's licenses to deferred action recipients on preemption and equal protection grounds); *Flores, et al. v. City of Westminster, et al.*, No. 8:11-cv-00278-DOC-RNB (C.D. Cal.) (lead counsel in case where Latino police officers faced workplace retaliation and were denied promotions because of their race).

///

8. Mr. Viramontes worked on *Arizona Dream Act Coalition, et al. v. Janice Brewer, et al.*, No. 02:12-cv-02546-DGC-PHX, from 2012, when the Plaintiffs filed the complaint, until his departure from MALDEF in 2017.

9. ***Jorge Castillo***. At all relevant times, Jorge Castillo was a member in good standing of the State Bars of New York (2011) and California (2013). To the best of my knowledge, Mr. Castillo is admitted to practice in the Ninth Circuit Court of Appeals and the Southern and Eastern Districts of New York. He received a Bachelor of Arts degree with honors from Washington University in St. Louis in 2006, and a Juris Doctor degree from New York University School of Law in 2010. From 2011 to 2012, he was a litigation associate at the law firm of Fried, Frank, Harris, Shriver and Jacobson LLP. From 2013 to July 2016, he was a staff attorney in MALDEF's Western Regional Office. To the best of my knowledge, Mr. Castillo is currently a trial attorney in the Voting Section of the United States Department of Justice.

10. During his time at MALDEF, Mr. Castillo served as counsel in other cases that comprised a portion of MALDEF's docket, including cases in the areas of immigrants' rights and employment. His litigation experience includes the following complex federal cases: *Valle del Sol, Inc., et al. v. Whiting, et al.*, No. 2:10-cv-01061-SRB (D. Ariz.) (co-counsel in certified class action alleging First, Fourth, and Fourteenth Amendment violations and preemption regarding Arizona Senate Bill 1070); *Rocha Herrera v. Finan, et al.,* No. 7:14-cv-02255-BHH (D.S.C.) (co-counsel, bringing equal protection and substantive due process challenge to states' policy and practice of classifying dependent United States citizens as non-residents on the basis of a parent's immigration status); *Ga. Latino Alliance for Human Rights, et al. v. Alford, et al.*, No. 1:16-cv-00757-WCO (N.D. Ga.) (co-counsel, challenging policy and practice of denying in-state tuition to certain non-citizens); *Ortega Melendres, et al. v. Maricopa Cnty., et al.*, No. cv-07-2513-PHX-GMS (D. Ariz.) (co-counsel in proceedings to enforce court orders requiring reforms to Maricopa County Sheriff's Office to address the Office's racial profiling and unlawful traffic stops of Latinos).

Case 2:12-cv-02546-DGC   Document 336-6   Filed 07/13/18   Page 5 of 10

11. Mr. Castillo worked on *Arizona Dream Act Coalition, et al. v. Janice Brewer, et al.*, No. 02:12-cv-02546-DGC-PHX, from June 2013, until his departure from MALDEF in 2016.

12. ***Julia A. Gomez***. I am a member in good standing of the State Bars of New York (2014) and California (2017). I am admitted to practice in the Ninth Circuit Court of Appeals, the Eastern District of California, and the Southern District of New York. I received a Bachelor of Arts degree from the University of California, Los Angeles in 2008, and a Juris Doctor degree from Columbia Law School in 2013. From 2013 to 2015, I was a litigation associate at the law firm of Fried, Frank, Harris, Shriver and Jacobson LLP, where I litigated complex commercial cases. From 2016 to the present, I have served as a staff attorney in MALDEF's Western Regional Office.

13. In my current role as staff attorney at MALDEF, I have served as counsel in cases that comprise a portion of MALDEF's docket, including cases in the areas of immigrants' rights and voting rights. My litigation experience includes the following complex federal cases: *Luna, et al. v. Kern Cnty., et al.*, No. 1:16-cv-00568-DAD-JLT (E.D. Cal.) (co-counsel successfully challenging Kern County's supervisorial map under Section 2 of the Voting Rights Act); *Valenzuela, et al. v. Ducey, et al.*, No. 2:16-cv-03072-DGC (D. Ariz.) (co-counsel in class action challenging Arizona's policy of denying driver's licenses to deferred action recipients on preemption and equal protection grounds); *Ortega Melendres, et al. v. Maricopa Cnty., et al*, No. cv-07-2513-PHX-GMS (D. Ariz.) (co-counsel in continuing proceedings to enforce court orders requiring reforms to Maricopa County Sheriff's Office to address the Office's racial profiling and unlawful traffic stops of Latinos).

14. I have been involved worked on *Arizona Dream Act Coalition, et al. v. Janice Brewer, et al.*, No. 02:12-cv-02546-DGC-PHX, since early 2017, including proceedings before the United States Supreme Court, settlement discussions, and this fee motion.

/ / /

**DECLARATION OF JULIA A. GOMEZ**

15.     ***Andres Holguin-Flores*** is a member in good standing of the State Bar of California (2015).  He is admitted to practice in the Ninth Circuit Court of Appeals and the Eastern District of California.  Mr. Holguin-Flores received a Bachelor of Arts degree from the University of California, Santa Barbara in 2011, and a Juris Doctor degree from Southwestern University School of Law in 2015.  From 2015 to 2016, Mr. Holguin-Flores clerked for the Honorable Terry J. Hatter, Jr., in the Central District of California.  From 2016 to 2017, he clerked for the Honorable Harry Pregerson in the Ninth Circuit Court of Appeals.  In 2017, he was an associate at the Weisz Immigration Law Group, where he represented individuals in immigration court.  From 2017 to the present, Mr. Holguin-Flores has served as a staff attorney in MALDEF's Western Regional Office.

16.     In his current role as a staff attorney at MALDEF Mr. Holguin-Flores has served as counsel in cases that comprise a portion of MALDEF's docket, including cases in the areas of immigrants' rights and employment.  His litigation experience includes the following complex federal cases: *Valenzuela, et al. v. Ducey, et al.*, No. 2:16-cv-03072-DGC (D. Ariz.) (co-counsel in class action challenging Arizona's policy of denying driver's licenses to deferred action recipients on preemption and equal protection grounds); *Jane V., et al. v. Motel 6 Operating LP, et al.*, 2:18-cv-00242-PHX-DMF (D. Ariz.) (co-counsel in challenge to Motel 6's policy and practice of reporting guests to Immigration and Customs Enforcement on grounds that this violates federal anti-discrimination statutes, the Fourth Amendment's protections against unreasonable searches and seizures, and state and federal privacy and consumer protection laws); *Ramirez-Castellanos, et al. v. Nugget, et al.*, 2:17-cv-01025-JAM-AC (E.D. Cal.) (co-counsel in lawsuit against a grocery store that subjected workers to a hostile work environment in violation of Title VII and California law).

17.     Mr. Holguin-Flores has worked on *Arizona Dream Act Coalition, et al. v. Janice Brewer, et al.*, No. 02:12-cv-02546-DGC-PHX, since December 2017, including proceedings before the United States Supreme Court, settlement discussions, and this fee motion.

**DECLARATION OF JULIA A. GOMEZ**

18.     *Adriana Garcia* received a Bachelor of Arts degree from Yale University in 2008, and a Juris Doctor degree from Columbia Law School in 2012.  From 2012 to 2013 Ms. Garcia was a Columbia Law School Public Interest Fellow at MALDEF.  Ms. Garcia is currently a Policy Advisor at the New York City Mayor's Office of Immigrant Affairs.  Ms. Garcia was involved in this matter during her time at MALDEF in 2013.  While working on this matter, Ms. Garcia conducted research on legal issues, drafted and edited briefs, assisted in the production of documents and information, assisted in attorney preparation for hearings and depositions, and communicated with clients.

**Hourly Rates and Relevant Market**

19.     MALDEF is a nonprofit organization with 501(c)(3) tax exempt status. MALDEF provides all of its legal services free of charge.  MALDEF did not charge any Plaintiffs for any services performed in this lawsuit.

20.     Attached as Exhibit A are the MALDEF attorney and legal fellow time records, which include descriptions work in this matter and for which Plaintiffs seek an award of attorneys' fees.  Consistent with our general practice, the records reflect the time worked on the case and a brief description of that work during the relevant time period, kept contemporaneously as work was performed.  MALDEF is seeking reimbursement of 1,813.7 hours for attorney and staff work in this matter, for a total of $874,988.50 in fees. In my judgment, the time recorded in Exhibit A was necessary and reasonable.

21.     Attached as Exhibit B are MALDEF's costs setting forth expenses incurred in connection with MALDEF's work in this matter during the relevant period for which Plaintiffs seek an award of non-taxable expenses and the corresponding invoices, receipts and/or disbursement instruments.  I have redacted personal identifying information such as home addresses, personal emails, and credit card information on some of the invoices. MALDEF seeks $13,563.78 in reimbursement for expenses.

22.     In consultation with co-counsel, I have substantially reduced MALDEF's request for reimbursement of fees and expenses in the exercise of billing judgment, including: (1) completely omitting or reducing some time entries that are compensable in

the interest of avoiding a fee dispute regarding this fee request; (2) completely omitting entries that I thought might be considered duplicative, excessive, or otherwise non-compensable; (3) omitting multiple compensable time entries for hearings and meetings with co-counsel, even though participation of MALDEF staff was necessary for coordinating work and avoiding duplication of efforts; where multiple MALDEF staff participated on the same call, meeting, or hearing, the time records reflect that Plaintiffs have generally not billed for more than two MALDEF attorneys or staff for each event, and in many instances, MALDEF has only billed for one attorney per relevant event; (4) omitting all compensable time entries for Mr. Saenz, Mr. Espíritu, Mr. Rodriguez, Mr. Gomez, Ms. Ontiveros, and other support staff and law clerks; and (5) and omitting multiple entries for time spent on media-related tasks. In addition, MALDEF sought to delegate work and minimize the time spent on updating or coordinating strategy across-co-counsel. I also conferred with Mr. Saenz, MALDEF's President and General Counsel, regarding attorney hours and non-taxable expenses. Based on his role as my supervisor, he has also ensured that Exhibits A and B are not duplicative, excessive, or otherwise non-compensable.

23. Plaintiffs request the hourly rates set forth in the table below:

| Attorney | Law School Grad Year | Rate |
| --- | --- | --- |
| Victor Viramontes | 1999 | $700.00 |
| Jorge Castillo | 2010 | $445.00 |
| Julia Gomez | 2013 | $360.00 |
| Andres Holguin-Flores | 2015 | $330.00 |
| Adriana Garcia | 2013 Legal Fellow | $185.00 |

24. Plaintiffs are seeking Los Angeles rates for all MALDEF attorneys. To the best of my knowledge, the hourly rates above are fair and reasonable for market rates in Los Angeles for litigators in federal court of comparable skill and experience. The Expert Declaration of Carol Sobel ("Sobel Decl.") and past fee awards to MALDEF attorneys

confirm that these rates are fair and reasonable, and in fact are below the prevailing market rates in Los Angeles. Although the prevailing market rates are higher than the requested rates, Plaintiffs are requesting these rates in the interest of avoiding any dispute regarding this fee request.

25. Mr. Viramontes was awarded an hourly rate of $625 for work performed from 2011 to 2014, in *Flores, et al. v. City of Westminster, et al.*, No. 8:11-cv-00278-DOC-RNB (C.D. Cal.). *See Flores*, No. 8:11-cv-00278-DOC-RNB (C.D. Cal. Oct. 24, 2014), Doc. 284 at 12-14 (order granting motion for fee award). This was the rate requested by plaintiffs in that case. Notwithstanding the award in *Flores*, courts routinely award attorneys with similar skill and experience in the Los Angeles market an hourly rate higher than $700 per hour, which is the rate Plaintiffs are requesting for Mr. Viramontes in this case. Sobel Decl. ¶¶ 12, 26.

26. Plaintiffs are requesting an hourly rate of $445 for Mr. Castillo's work in this matter. Courts routinely award attorneys with similar skill and experience in the Los Angeles market an hourly rate higher than $445 per hour. Sobel Decl. ¶¶ 12, 30; *see also Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1023 (C.D. Cal. 2014) (approving $500 hourly fee for work performed by an attorney with six years of experience in a civil rights case against Los Angeles County and law enforcement defendants).

27. Plaintiffs are requesting an hourly rate of $360 for my work in this matter. Attorneys with similar skill and experience in the Los Angeles market are routinely awarded an hourly rate higher than $360 per hour. Sobel Decl. ¶¶ 12, 38; *see also Rodriguez*, 96 F. Supp. 3d at 1023 (approving $500 hourly fee for work performed by an attorney with six years of experience in a civil rights case against Los Angeles County and law enforcement defendants).

28. Plaintiffs are requesting an hourly rate of $330 for Mr. Holguin-Flores' work in this matter. Attorneys with similar skill and experience in the Los Angeles market are routinely awarded an hourly rate higher than $330 per hour. Sobel Decl. ¶¶ 12–13.

///

29.     In 2014, Ms. Garcia was awarded the requested hourly rate of $250 for work performed in *Flores, et al. v. City of Westminster, et al.*, No. 8:11-cv-00278-DOC-RNB (C.D. Cal.). *See Flores*, No. 8:11-cv-00278-DOC-RNB (C.D. Cal. Oct. 24, 2014), Doc. 284 at 12–14 (order granting motion for fee award). MALDEF is requesting an hourly rate of $185 for Ms. Garcia's work in this matter. Courts routinely award recent graduates with similar skill and experience in the Los Angeles market an hourly rate higher than $185 per hour, as evidenced by the *Westminster* fee award. Sobel Decl. ¶¶ 12, 39–40.

**Additional Information in Support of Motion**

30.     Attached hereto as Exhibit C is the following document: U.S. Citizenship & Immigration Services, *Number of Form I812-D, Consideration of Deferred Action for Childhood Arrivals, by Fiscal Year, Quarter, Intake and Case Status, Fiscal Year 2012-2018 (March 21, 2018)*, *available* at https://bit.ly/2m4A6fR. This document shows that, as of March 21, 2018, there are 58,526 Deferred Action for Childhood Arrivals ("DACA") recipients in the State of Arizona. *Id*. at 4.

31.     Attached hereto as Exhibit D is ADOT Policy 16.1.4, updated on December 19, 2014, which removed (c)(33)-coded Employment Authorization Documents ("EAD") from the list of EAD category codes not accepted as proof of authorized presence. The federal government issues DACA recipients (c)(33)-coded EADs.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 13th day of July, 2018, at Los Angeles, California.

*Julia A. Gomez*
_____
Julia A. Gomez