Jennifer Chang Newell*
Cecillia D. Wang*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-0770
F:  (415) 395-0950
*jnewell@aclu.org*
*cwang@aclu.org*

Kathleen E. Brody
ACLU FOUNDATION OF ARIZONA
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
 T:  (602) 650-1854
 F:  (602) 650-1376
*kbrody@acluaz.org*

Linton Joaquin*
Karen C. Tumlin*
Shiu-Ming Cheer*
Nora A. Preciado*
Nicholás Espíritu*
NATIONAL IMMIGRATION LAW
CENTER
3435 Wilshire Boulevard, Suite 2850
Los Angeles, CA  90010
T:  (213) 639-3900
F:  (213) 639-3911
*joaquin@nilc.org*
*tumlin@nilc.org*
*cheer@nilc.org*
*preciado@nilc.org*
*espiritu@nilc.org*

Andrés Holguin-Flores**
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA  90014
T:  (213) 629-2512
F:  (213) 629-0266
*aholguin-flores@maldef.org*

*Attorneys for Plaintiffs*
*Additional Co-Counsel on Subsequent Pages*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Dream Act Coalition, et al., <br> Plaintiffs, <br> vs. <br> Janice K. Brewer, et al., <br> Defendants. | CASE NO. 02:12-cv-02546-DGC-PHX <br><br> **SUPPLEMENTAL DECLARATION OF KATHLEEN E. BRODY IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE EXPENSES** |

*Additional Co-Counsel*

Tanya Broder*
NATIONAL IMMIGRATION LAW CENTER
2030 Addison Street, Suite 310
Berkeley, CA 94704
T: (510) 663-8282
*broder@nilc.org*

Lee Gelernt*
Michael Tan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*mtan@aclu.org*

*Pro hac vice*
** *Pro hac vice forthcoming*

*Attorneys for Plaintiffs*

I, Kathleen E. Brody, declare as follows:

1. I am an attorney admitted to practice in this Court and represent Plaintiffs in this matter. I make the following statements based on my personal knowledge, except where otherwise indicated, and I am prepared to testify to the matters set forth.

2. I make this declaration in support of Plaintiffs' Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses, as a supplement to the declaration I previously prepared in support of the same motion. *See* Doc. 336-24.

3. I reviewed Defendants' Response to Plaintiffs' Memorandum in Support of Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses, Doc. 337, and the exhibits thereto. Docs. 338 through 338-9.

4. After reviewing Defendants' Response, I have exercised additional billing discretion to make further reductions to the amount that the ACLU of Arizona is claiming for attorneys' fees in three categories, as described below.

5. I have exercised billing judgment so that the ACLU of Arizona is claiming fees for no more than one of its attorneys at each deposition in this case. *See* Doc. 337 at 9 (Defendants' Response arguing about multiple attorneys at events). This exercise of discretion removes one time entry for James Duff Lyall (JDF) on February 6, 2013, for 2 hours and 36 minutes ("Deposition Dulce Matuz"), and a **reduction of $901.00** from the amount claimed by the ACLU of Arizona. *See* Doc. 336-24 at 28.

6. I have also exercised billing judgment so that the ACLU of Arizona is not claiming attorneys' fees for time spent reviewing time entries to prepare exhibits for Plaintiffs' Motion. *See* Doc. 337 at 13 (Defendants' Response arguing that attorney time spent reviewing time entries is not compensable). This exercise of discretion removes one time entry for myself, Kathleen E. Brody (KEB), on June 6, 2018, for 30 minutes ("Review time entries for exercise of billing judgment and expenses in preparation for fee motion."), and a **reduction of $175.00** from the amount claimed by the ACLU of Arizona. *See* Doc. 336-24 at 30.

1

7. I have also exercised billing judgment so that the ACLU of Arizona is not claiming attorneys' fees for certain time entries that Defendants' Response argues reflect non-compensable clerical or administrative tasks. *See* Doc. 337 at 11-12. I have closely reviewed each of the time entries for the ACLU of Arizona that Defendants identify as non-compensable administrative tasks. Doc. 338-5 at 1-32 (Exhibit 10). In the exercise of discretion, the ACLU of Arizona will not claim fees for 60.2 hours of Gloria A. Torres's (GAT) time for a **reduction of $11,137.00** from the amount claimed by the ACLU of Arizona.

8. A number of the ACLU of Arizona's time entries that Defendants identify as non-compensable administrative tasks are not, in fact, administrative or clerical. *See* Doc. 338-5 at 1-32 (Exhibit 10). Rather, those time entries reflect commonly billed and compensable attorney and paralegal activities that require skill, experience, and judgment. Specifically, the ACLU of Arizona should be compensated for the following time entries for Gloria A. Torres (GAT), totaling 46.2 hours:

| Date | Hours | Description |
|---|---|---|
| 1/8/2013 | 2.8 | Description Prepare: FTP site for co-counsel to retrieve ADOT's response to public records request; email to Attorney Lyall re same. |
| 1/23/2013 | 2.3 | Description Review: and organization of client documents: Alan Salinas (ADAC-00001 thru ADAC-00329) and Cesar Valdes (ADAC-00330 thru ADAC-00356); email l to Attorney Lyall re same. |
| 1/24/2013 | 2.8 | Description Review: and organization of client documents : Dulce Matuz (ADAC-01297 thru ADAC-01594); email to Attorney re same. |
| 1/24/2013 | 3.4 | Description Review: and organization of client documents retrieving from Google Docs: Maria Castro (ADAC-00357 thru ADAC-00666); email to Attorney Lyall re same. |
| 1/25/2013 | 3.7 | Description Review: and organization of client documents: Reyna Montoya (ADAC-00667 thru ADAC-01296); email to Attorney Lyall re same. |

| | Date | Hours | Description |
|---|---|---|---|
| | 1/26/2013 | 3.7 | Review: and organization of ADAC client documents from Dulce Matuz; email to Attorney Lyall re same. |
| | 1/29/2013 | 1.8 | Review: and organization of first set of production to defendants. |
| | 2/1/2013 | 3.8 | Prepare: deposition binder for Attorney Flood in preparation of Dulce Matuz's deposition |
| | 2/4/2013 | 1.8 | Review: email from Attorneys Flood and Lyall re ACLU-AZ document review; prepare hard copies of same for review. ADOT0000479-ADOT0000529 and BREWER000001- BREWER000259 |
| | 2/14/2013 | 2.7 | Review: and organization of client documents: ADAC supplemental documents(02.13.13); email to Attorneys Flood and Lyall re same. |
| | 2/20/2013 | 0.9 | Insert : confidential watermark designations for Jesus Castro' deposition; email to Attorney Lyall re same. |
| | 2/20/2013 | 0.9 | Prepare: confidential watermark for deposition of Dule Matuz (ADAC 30b6 deposition); email to Attorneys Flood, Lyall and Orion Danjuma (IRP) re same. |
| | 2/27/2013 | 1.3 | Review: email from Paralegal Pratt (Polsinelli) requesting deposition transcripts, exhibits and certification pages for Matuz, Jefferies, Perez-Gallegos, Martinez, Cooper, Jacobo, Castro-Martinez and Lopez; provide same via zip file. |
| | 10/23/2013 | 2.3 | Case : filing and organization regarding discovery; file review regarding Defendants' privilege logs; forward same to Paralegal Sheila Miller (NILC). |
| | 1/22/2014 | 3.4 | Review: and organization of discovery; organization of documents provided by client ADAC with regard to discovery requests. |
| | 2/11/2014 | 2.3 | Review: and organize depositions; update discovery file folder. |
| | 2/25/2014 | 1.6 | Prepare: Notices of Deposition for Charles Saillant, John Halikowski, Kevin Biesty, Page Gonzales and Thomas Adkins; Review ECF filings re same (Dkt. 227-231); docket; distribute to legal group; file same. |

| Date | Hours | Description |
|---|---|---|
| 2/25/2014 | 2.9 | Description Review: Defendants' Fifth Supplemental Disclosure Statements and documents produced therein; download same to network file folder and upload same to FTP link for retrieval by co-counsel. |
| 4/1/2014 | 1.8 | Description Numerous : email from and to Attorney Polansky (IRP) regarding discovery including recent depositions; provide her with same. |

9. In addition, the ACLU of Arizona should be compensated for the following time entry for James Duff Lyall (JDL), which reflects communication between an attorney and a client and was wrongly identified by Defendants as administrative, totaling 0.4 hours:

| Date | Hours | Description |
|---|---|---|
| 2/6/2013 | 0.4 | Description Client call re depo resched |

10. With respect to Defendants' argument that the ACLU of Arizona is claiming expenses for which no receipts were submitted, Doc. 337 at 17; Doc. 338-9 (Exhibit 22), the six ACLU of Arizona items identified by Defendants are further explained below.

11. Three of the six items reflect reimbursements from co-counsel organizations for part of costs incurred in this litigation. They are negative numbers, meaning that the ACLU of Arizona has <u>reduced</u> its claimed expenses by the amounts indicated because co-counsel have already reimbursed the ACLU of Arizona for part of the costs:

| Date | Source | Description | Amount |
|---|---|---|---|
| 2/7/2013 | ACLU Foundation Nat'l | fee for AZ DACA Driver's License Case (Deposit - 11816) | -$125.00 |
| 10/31/2013 | ACLU Foundation Nat'l | 25% Deposition Cost - Kevin Biesty (ADAC v Brewer) reimbursement (Deposit -68273) | -$212.06 |
| 6/17/2014 | National Immigration | Reimbursement for charges re: ADAC v. Brewer (Deposit - 15626) | -$125.00 |

4

12. Likewise, one of the six items reflects a reimbursement from a vendor based on the ACLU of Arizona's agreement with that vendor for a discounted rate. It is a negative number, meaning that the ACLU of Arizona has reduced its claimed expenses by the amount indicated because the vendor reimbursed the ACLU of Arizona for part of the cost:

| | | | |
|---|---|---|---|
| 4/7/2014 | FedEx Office | D. Pochoda - credit for ADAC v. Brewer delivery (Credit Card Charge) | -$3.62 |

13. Two of the six items reflect parking charges for ACLU of Arizona employees at court hearings in this case. In the exercise of discretion, the ACLU of Arizona will reduce its claimed expenses to omit these items, for a total **reduction of $32.00**:

| | | | |
|---|---|---|---|
| 3/22/2013 | Public Works | D. Juarez - ADAC vs. Brewer hearing (Credit Card Charge) | $16.00 |
| 6/21/2013 | Public Works | A. Soler - Parking - ADAC vs. Brewer hearing (Credit Card Charge) | $16.00 |

14. In addition, an ACLU of Arizona attorney (myself, Kathleen E. Brody) completed compensable work in connection with Plaintiffs' Motion and the Reply that this declaration accompanies. That compensable time (11.9 hours at $350 per hour) totals an **additional $4,165.00** and is summarized below:

| | | |
|---|---|---|
| 7/5/2018 | 0.8 | Review draft attorneys' fees application. |
| 7/5/2018 | 1.5 | Draft Brody declaration in support of attorneys' fees motion. |
| 7/6/2018 | 0.7 | Revise Brody and Pochoda declarations in support of attorneys' fees motion. |
| 8/16/2018 | 1.2 | Analyze defendants' response to attorneys' fees motion with particular attention to ACLU of Arizona issues |
| 8/24/2018 | 2.5 | Draft portions of reply on fees motion specific to ACLU of Arizona, including analyzing and preparing chart regarding alleged |
| 8/28/2018 | 0.4 | Review and revise draft reply in support of fees motion. |
| 8/28/2018 | 1.0 | Team call re reply brief and supporting declarations. |

| | | | |
|---|---|---|---|
| 8/28/2018 | 1.8 | Prepare supplemental declaration in support of fees motion. |
| 8/29/2018 | 0.5 | Revise supplemental declaration in support of fees motion. |
| 8/30/2018 | 1.5 | Further revise and finalize supplemental declaration in support of fees motion. |

15. Taking into account the reductions indicated in this declaration, as well as the supplemental information regarding fees incurred in connection with preparing Plaintiffs' Motion and the Reply that this declaration accompanies, the total sum of attorneys' fees due to the ACLU of Arizona for work in this matter is **$71,504.00**.

16. Taking into account the reductions indicated in this declaration, the total sum of unreimbursed expenses due to the ACLU of Arizona for this matter is **$2,497.39**.

I declare under penalty of perjury under the laws of the United States and Arizona that the foregoing is true and correct.

Executed on 31st day of August, 2018.

By /s/ *Kathleen E. Brody*
Kathleen E. Brody